WILLIAM BRENNISER AND MARIA BRENNISER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; EDILIO PEREZ AND SONIA PEREZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brenniser v. Commissioner
Docket Nos. 5237-77, 5247-77.
United States Tax Court
T.C. Memo 1984-396; 1984 Tax Ct. Memo LEXIS 282; 48 T.C.M. (CCH) 669; T.C.M. (RIA) 84396; July 30, 1984. Barbara A. Matthews and Roberto Rivera, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Addition to Tax
Petitioner [1]
Year
Deficiency
Sec. 6653(b) [2]
William and Maria Brenniser
1972
$1,086.40
$ 543.20
1973
19,626.46
9,813.23
Edilio and Sonia Perez
1972
$2,762.15
$1,381.07
1973
16,662.08
8,331.04
*283 After dismissal of these consolidated cases as to the deficiencies in tax for failure to properly prosecute, [3] the sole issue remaining for decision is whether respondent properly imposed an addition to tax for fraud under section 6653(b) against petitioners William Brenniser and Edilio Perez only. [4]
Petitioner William Brenniser ("Brenniser") resided in West New York, New Jersey, when he filed his petition in this case. Petitioner Edilio Perez ("Perez") resided in Bronx, New York, when he filed his petition in this case. Brenniser is deceased; Perez is presumed to be still alive, but his whereabouts are unknown. In June of 1972, Perez began and owned a one-half interest in a business *284 called the Ames Belt Company ("Ames"), which offered belt stitching services to belt manufacturers. On October 1, 1972, Brenniser purchased the remaining 50 percent interest in the company, which petitioners the same day incorporated as Ames Belt Company, Ltd., a small business corporation. In early 1973, Ames extended its business to include belt manufacturing. Petitioners retained Seymour Roth ("Roth"), a public accountant, to prepare their personal and corporate income tax returns. However, Brenniser and Perez maintained personal control over the business sales records and recorded the entries therein during the ordinary course of business. Five sales books existed numbered 1 through 5. Records of transactions were entered in these books in the form of copies of sales invoices. Petitioners, in turning over these records to their accountant for tax return preparation, did not provide him with sales book 4 containing invoices relating to contract work. The transactions involved in sales book 4 were not posted to the accounts receivable ledger. Petitioners did not inform Roth of the existence of sales book 4 and withheld this information concerning contract labor receipts. *285 Roth never saw or heard of this book while parparing the tax returns at issue. Because Mr. Roth was not informed of the existence of sales book 4 and, since the receipts from the sales book were never posted to the general ledger, Roth failed to include the receipts from sales book 4 on Ames' 1972 and 1973 tax returns. It was the general practice of the corporation to deposit corporate receipts in the business bank account. However, check payments received for invoices issued from sales book 4 were cashed by petitioners Perez or Brenniser at various check cashing establishments. In 1974, petitioners learned that they were being investigated by respondent and informed Roth for the first time of the existence of sales book 4. Roth then prepared a statement, which petitioners Brenniser and Perez signed, admitting that they had cashed business checks and had failed to report the proceeds as income. Shortly thereafter, respondent's special agent interviewed both petitioners, who denied the existence of sales book 4 and denied that they had misappropriated any corporate receipts. Respondent's special agent determined the amount of omitted receipts through various vusiness records *286 and through interviews with Ames' customers. When reinterviewed, petitioners again denied the existence of sales book 4. In March of 1975, Brenniser surrendered sales book 4 to respondent's special agent. Brenniser was indicted by a Federal grand jury for criminal violations of the Internal Revenue Code, but died before these charges could be disposed of by plea or trial. Perez was also indicted by a Federal grand jury for criminal violations of the Internal Revenue Code and eventually pled guilty to filing fraudulent returns under section 7206(1). The only remaining issue for decision is whether respondent's determinations of the additions to tax for fraud under section 6653(b) should be sustained. We find that the evidence provided by respondent shows that petitioners fraudulently evaded tax in 1972 and 1973. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 191 (1976), affd. without published opinion, 578 F.2d 1383 (8th Cir.1978). Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b), Tax Court Rules *287 of Practice and Procedure. This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. In the instant case, petitioners clearly intended to evade tax. Petitioners failed to report substantial amounts of income over a two-year period. See Vannaman v. Commissioner,54 T.C. 1011, 1018 (1970). Petitioners deliberately withheld sale book 4 from Roth. [5] By separately maintaining sales book 4, failing to record entries in the accounts receivable ledger, and cashing rather than depositing checks received as payment on the invoices in sales book 4, petitioners attempted to conceal Ames' true gross receipts. Petitioners made false statements to respondent's agent in order to perpetuate this concealment. See Grosshandler v. Commissioner,75 T.C. 1, 19-20 (1980). Such deliberate conduct supports a finding of fraud. *288 Additionally, petitioners signed a written statement acknowledging that they had concealed the true gross receipts of Ames. Both petitioners were indicted, and Perez pled guilty to filing false returns. We have considered petitioners' arguments and find them unpersuasive. We hold that respondent has established, by clear and convincing evidence, that petitioners are liable for the fraud additions to tax for 1972 and 1973. To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. Pursuant to the respective notices of deficiency issued in these cases, the liabilities of Maria Brenniser and Sonia Perez are limited to the deficiencies in tax only. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. In our order dated October 28, 1983, the deficiency amounts were sustained upon petitioners' failure to appear at trial. However, because respondent bears the burden of proof as to the addition to tax for fraud, that issue remains for our determination. See Rule 142(b), Tax Court Rules of Practice and Procedure.↩
4. Since the remaining issue relates only to these petitioners and not to their spouses, "petitioners" shall hereinafter refer to William Brenniser and Edilio Perez only.↩
5. See Sneed v. Commissioner,T.C. Memo. 1982-254↩.